JAMESON *v.* NELSON ET AL.

[No. 17,441.   Filed March 15, 1946.]

*Lewis, Goett & Elliott, Thos. E. Garvin,* and *Gale Graber,* all of Indianapolis, for appellant.

*Leo X. Smith,* and *Owen S. Boling,* both of Indianapolis, for appellees.

FLANAGAN, C. J.—This is an action for possession of real estate brought by appellees against appellant. The sole error relied upon for reversal is the overruling of appellant's motion for a new trial which challenges the sufficiency of the evidence and the legality of the decision.

The facts pertinent to a consideration of this appeal are undisputed and are as follows:

Prior to August, 1944, one Robert F. Higgins was the owner of the involved real estate and appellant was his tenant on a month to month lease, the rent being payable in advance. Appellees, as agents for Higgins, had been collecting the rent. On August 14, 1944, the then owner served upon appellant a notice to vacate the leased premises for causes other than non-payment of rent. All rent had been paid to August 30, 1944. No rent was paid thereafter. On September 7, 1944, Higgins brought an action against appellant for possession which was later dismissed. On February 13, 1945, appellees acquired title to the real estate and on February 15, 1945, brought an action against appellant for possession. This action was later dismissed. On February 23, 1945, appellant was notified by appellee to vacate the premises for non-payment of rent. On March 5, 1945, this action was commenced.

Appellant's first contention is that no relationship of landlord and tenant existed between appellant and appellees for the reason that the notice to vacate given appellant on August 14, 1944, and the action for possession filed on September 7, 1944, terminated the relationship of landlord and tenant and nothing occurred thereafter to re-establish it.

With this contention we cannot agree.

Appellant cites us to cases wherein the tenant was either actually evicted or yielded possession upon receipt of the notice to vacate. But such cases are not in point here. The tenant in this case refused to yield to the landlord's demand. He cannot on the one hand claim that his lease is not ended and retain possession and on the other hand deny the relationship of landlord and tenant because of constructive eviction. For discussion of abandonment of possession as an element of constructive eviction see 32 Am. Jur., pages 236 and 391.

The complaint filed herein is in two paragraphs. The court found for appellees on the first paragraph and against them on the second. Appellant contends that these two findings are too inconsistent to support the judgment because both are on the theory of non-payment of rent. The first paragraph is clearly based upon non-payment of rent. The second, however, is based upon refusal of appellant to permit an electrician to enter upon the premises to make repairs. The second paragraph does contain a statement that the rent was not paid, but that statement is clearly surplusage and was obviously so regarded by the trial court.

Judgment affirmed.

NOTE.—Reported in 65 N. E. (2d) 502.